**MENTOR MUNICIPAL COURT**
8500 Civic Center Blvd.
Mentor, Ohio 44060
(440) 974-5744

```
Reo, Anthony Domenic                             : Case: CVF 1801178
                                                 :
                                                 :
            Plaintiff(s)                         : SUMMONS IN
-VS-                                             : CIVIL ACTION
Dyck O'Neal Inc                                  :   (Rule 4 and 9)
                                                 :
6060 N Central Expy Ste 200                      :
Dalls, Tx 75206                                  : John Trebets
                                                 : Judge
            Defendant(s)
                           * * * * * * * * * * *
```

To the Above Named Defendant(s):

    You have been named defendant(s) in a complaint filed in the Mentor Municipal Court by the above Plaintiff(s). A copy of the complaint is attached hereto.

    YOU ARE HEREBY summoned and required to serve upon the Plaintiff's Attorney, or upon the Plaintiff if he has no Attorney of record, a copy of your Answer to this complaint within twenty-eight (28) days after the service of this summons upon you, excluding the date of service. Your Answer must be filed with the Court within three (3) days after the service of a copy of the Answer on the Plaintiff's Attorney.

    Failure to appear and present a defense to this complaint will result in a judgment, by default, being rendered against you for the relief demanded in the complaint.

```
Attorney for the Plaintiff(s):       Linda Bambic
Bryan Anthony Reo                    Clerk of Court
P O Box 5100
Mentor, Oh 44061
                                     by: _____
                                         Donna Minardo
                                         Deputy Clerk
```
==================================================================

STATE OF OHIO
IN THE MENTOR MUNICIPAL COURT
CIVIL DIVISION

**ANTHONY DOMENIC REO**
7724 Tea Rose Drive
Mentor, OH 44060

Case No. 18 CVF 1178

Hon.

   Plaintiff,
v.

**DYCK O'NEAL INC**
6060 N CENTRAL EXPY
Suite 200
Dallas, TX 75206
   Defendant.

FILED AND JOURNALIZED
MENTOR MUNICIPAL COURT
2018 NOV 26 PM 1: 16

**REO LAW, LLC**
By: Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, OH 44061
(P): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney for Anthony Domenic Reo*

## PLAINTIFF'S COMPLAINT

NOW COMES Anthony Domenic Reo (Plaintiff), by and through the undersigned attorney, and hereby propound upon Dyck O'Neal Inc (Defendant) and this Honorable Court Plaintiffs' Complaint.

### I. INTRODUCTION

1. Plaintiff sues Defendant for statutory violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Consumer Sales Practices Act, R.C. §§ 1345.01 *et seq.* ("CSPA").

1

## II. PARTIES

2. Plaintiff is an adult natural person who is domiciled in Lake County, State of Ohio. Additionally, Plaintiff is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

3. Defendant is a corporate entity existing by and through the laws of the State of Texas, which does business in the State of Ohio. Defendant does business Dyck O'Neal Inc, which is headquartered in Texas with extensive operations in Ohio. Additionally, pursuant to the definitions outlined in 15 U.S.C. 1692a(1-6), Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

## III. JURISDICTION AND VENUE

4. This Court enjoys subject matter jurisdiction over the instant civil action because the amount in controversy exceeds five hundred dollars ($500.00) and involves a claim for violations of 15 U.S.C. § 1692 and R.C. § 2305.01.

5. This Court personal jurisdiction over Defendant because Defendant conducts business in the state of Ohio, and Defendant attempted to a collect a debt against Plaintiff in Ohio with the purpose of injuring Plaintiff when Defendant might reasonably have expected that Plaintiff would be injured in the State of Ohio. R.C. §§ 2307.382(A)(1) and (6); Civ.R. 4.3(A)(1) and (9).

6. Venue is proper with this Court because Plaintiff resides in Lake County, State of Ohio, and the Court's personal jurisdiction over Defendant exists via Civ.R. 4.3. Civ.R. 3(B)(7).

## IV. STATEMENT OF FACTS

7. Defendant contacted Plaintiff repeatedly throughout October and November of 2018. The most recent calls were 11/7/2018, 11/8/2018, and 11/12/2018.

8. Plaintiff maintains at all times relevant to this Complaint a residential telephone line within the meaning of the TCPA, 47 U.S.C. § 227(b)(1)(B); ending in 7175

9. Defendant's calls consist of recorded messages asking that Plaintiff contact Defendant.

10. When contacted on the number provided in the message, Defendant stated that Plaintiff was a debtor. When Plaintiff stated that Defendant had the wrong person and that the person they were seeking did not live at the residence, and asked that Defendant identify itself, Defendant hung up on Plaintiff.

11. Defendant used an Automated Telephone Dialing System ("ATDS") when contacting Plaintiff on his phone. This was evidenced by the fact that the calls were recordings and there was a perceptible delay between when the Plaintiff answered and when the recorded message began to play.

12. Plaintiff's phone number has been listed on the National Do Not Call ("DNC") registry during all relevant times.

13. Plaintiff has never done business with Defendant nor does Plaintiff owe any debt that has been assigned to Defendant or purchased by Defendant.

14. Defendant lacks express prior written consent to contact Plaintiff with an ATDS to deliver recorded messages.

15. Defendant lacks express prior consent of any sort, written or otherwise, to contact Plaintiff with ATDS for any purpose, and lacks such consent to deliver recorded messages by any means.

3

16. Defendant knew or should have known that Plaintiff was not the actual debtor they were seeking [or whoever they claimed to be seeking] and the conduct against Plaintiff was done to harass, oppress, abuse, or annoy. If Plaintiff had offered to pay Defendant to leave him alone they almost certainly would have taken Plaintiff's money. Defendant wants to collect on an alleged debt, they don't particularly care from whom they collect. The conduct of a debt collector is examined through the lens of the least sophisticated consumer, see *Gionis v. Javitch, Block, Rathbone LLP*, 238 Fed.Appx.24, 2007 WL 1654357 (6th Circ. 2007).

17. As a result of Defendant's conduct as described in this Complaint, Plaintiff has suffered damages.

## V. CAUSES OF ACTION

### COUNT I
### STATUTORY VIOLATIONS OF THE FDCPA

18. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

19. The FDCPA is a federal statute that was enacted to prohibit unfair or deceptive debt collection practices.

20. Defendant attempted to collect an invalid debt that Plaintiff was not obligated to pay on.

21. Defendant violated 15 U.S.C. § 1692d by harassing Plaintiff with multiple phone calls and refusing to believe he was not responsible for a debt and then insisting he pay and then hanging up on Plaintiff after Plaintiff requested the identity of Defendant.

22. Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means in an attempt to collect upon an alleged debt. Specifically they harass unwary and

4

unsophisticated consumers, such as Plaintiff, who is not an attorney, in an attempt to bully Plaintiff into paying the debts of others.

23. Defendant violated the Fair Debt Collection Practices Act.

24. Defendant committed at least three (3) violations of Count I of Plaintiff's Complaint.

## COUNT II
## STATUTORY VIOLATIONS OF THE CSPA

25. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

26. Defendant is a "person" as defined by R.C. § 1345.01(B).

27. Defendant is a "supplier" as defined by R.C. § 1345.01(C).

28. Plaintiff is a "consumer" as defined by R.C. § 1345.01(D).

29. A "consumer transaction" as defined by R.C. § 1345.01(A) occurred when Defendant attempted to collect on an alleged debt that arose out of an alleged consumer transaction. R.C. § 1345.02(A) states, "No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or **after** [emphasis added] the transaction." Defendant committed an unfair or deceptive act after the transaction.

30. Defendant committed unfair and deceptive acts in connection with a consumer transaction when Defendant violated R.C. § 1345.02 by knowingly failing to comply with the FDCPA and the TCPA. A violation of the FDCPA, as well as the regulations promulgated thereunder, is a per se violation of the CSPA. A violation of the TCPA, as well as the regulations promulgated thereunder, is a per se violation of the CSPA.

5

31. Plaintiff is statutorily entitled to three (3) times the amount of Plaintiff's actual economic damages or two hundred dollars ($200.00)—whichever is greater—, plus an amount not exceeding five thousand dollars ($5,000.00) in noneconomic damages for each violation of the CSPA. R.C. § 1345.09(B).

32. Since Defendant knowingly committed an act or practice that violates the CSPA, Plaintiff may be awarded reasonable attorney's fees to litigate the instant civil action. R.C. § 1345.09(F).

33. Defendant committed at least eight (8) violations of Count II of Plaintiff's Complaint. Defendant violated the CSPA five times by violating the FDCPA which are per se CSPA violations

34. The CSPA covers any debt collection activity whether done by the original supplier or a third party debt collector, and each unique and discrete action that violates the FDCPA is violative of the CSPA and gives a separate cause of action per the CSPA. See- *Celebrezze v. United Research Inc.*, 19 Ohio App. 3d 49, 482 N.E.2d 1260 (9th App. Dist. 1984). See also-- *Thorton v Meredia Suburban Hosp.*, 1991 WL 244206 (8th App. Dist. 1991).

## COUNT III
## STATUTORY VIOLATIONS OF THE TCPA

35. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

36. The TCPA is a federal statute that was enacted to prohibit unreasonable invasions of privacy via certain telephone practices.

6

37. Defendant placed calls to Plaintiff's residential telephone using an automated telephone dialing system not for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i), which had the natural consequence of utilizing Plaintiff's residential telephone resources and robbing Plaintiff of Plaintiff's time and privacy.

38. It is a violation of the TCPA and is actionable for one to initiate a telephone call to a person's residential telephone line when the recipient of the telephone call has informed the caller that they wish to not receive calls for a commercial purpose. 47 U.S.C. § 227(b)(2) and (3); 47 CFR 64.1200(d)(6).

39. Defendant caused to be delivered artificial and/or prerecorded voice messages to Plaintiff's residential telephone in violation of the TCPA. 47 U.S.C. § 227(b)(1)(A)(iii).

40. Defendant violated 47 C.F.R. § 64.1200(d)(6) by failing to maintain a do-not call list; to wit: Defendant called Plaintiff despite Plaintiff's telephone number being on the National Do Not Call Registry and despite Plaintiff's explicit "do not call" requests to Defendant's agents.

41. Defendant violated 47 C.F.R. § 64.1200(d)(3) by failing to record a do-not call list; to wit: Defendant called Plaintiff despite Plaintiff's telephone number being on the National Do Not Call Registry and despite Plaintiff's explicit "do not call" requests to Defendant's agents. Upon information and belief, Defendant failed to record Plaintiff's previous do not call requests.

42. Defendant violated 47 C.F.R. § 64.1200(d)(2) by failing to train its personnel in lawful telecommunications practices in compliance with do-not-call policies and requests; to wit: Defendant called Plaintiff despite Plaintiff's telephone number being on the National

7

Do Not Call Registry. Upon information and belief, Defendant failed to properly train its personnel to record DNC requests and to maintain a DNC list.

43. Defendant violated the TCPA when Defendant called Plaintiff's telephone and violated provisions of the TCPA during said telephone calls.

44. Defendant negligently violated the TCPA in relation to Plaintiff.

45. As a result of Defendant's negligent violations of the TCPA, Plaintiff may recover statutory damages of five hundred dollars ($500.00) for each and every violation of the provisions of the TCPA. 47 U.S.C. § 227(b)(3) and (c)(5).

46. In the alternative to the *scienter* of negligence, Defendant has willfully violated the provisions of the TCPA and Plaintiff may recover statutory damages of up to one thousand five hundred dollars ($1,500.00) per violation of said statute. 47 U.S.C. § 227(b)(3) (see *Charvat v. Ryan*, 879 N.E.2d 765, 770 (Ohio 2007) (holding that willfulness is established if the defendant knew of the facts that constituted the offense and not that the defendant knew that his conduct violated the law). In light of Defendant hanging up on Plaintiff and refusing to properly identify itself after Plaintiff contacted Defendant, it is reasonable to conclude Defendant was not only aware of the facts that constituted the offense but had awareness of the conduct actually being unlawful.

47. Defendant committed at least eight (8) violations of Count III of Plaintiff's Complaint. Defendant made at least 3 recorded message calls to Plaintiff. Each call after the first call also consisted of a failure to honor a do-not call request, each call consisted of a failure to honor the Do Not Call registry, each call consisted of a failure to maintain a do not call list, and the recorded message themselves violated 47 U.S.C. § 227(b)(1)(A)(iii).

**VI. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court will:

48. Enter judgment against Defendant in Plaintiff's favor in an amount of money in the aggregate that does not exceed fifteen thousand dollars ($15,000.00 – inclusive of all damages) for general damages, statutory damages, liquidated damages, treble damages, not inclusive of the award of attorney's fees pursuant to R.C. § 1345.09(F) and the FDCPA, and the award of mandatory court costs (as also provided by the CSPA).

49. Award any and all other relief to which Plaintiff is entitled as a matter of law or equity.

RESPECTFULLY SUBMITTED,

*/s/ Bryan Reo*

Bryan Anthony Reo (#0097470)
Reo Law LLC
P.O. Box 5100
Mentor, OH 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney for Anthony Domenic Reo*